## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PETER WILLIAMS AND
ALFREDA WILLIAMS                                  CIVIL ACTION NO.

VERSUS                                            15-210-SDD-SCR

INNIS COMMUNITY HEALTH
CENTER, INC., ET AL.

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by the Defendant, United States of America ("the Government").  Plaintiffs, Peter and Alfreda Williams, ("Plaintiffs") have filed an *Opposition*[2] to this motion.  For the reasons which follow, the Government's motion will be granted.

## I.    FACTUAL BACKGROUND

Plaintiff, Peter Williams, has asserted a claim of medical negligence under the Federal Tort Claims Act ("FTCA")[3] for injuries he allegedly sustained at the Innis Community Health Center, Inc., ("Innis"), which is operated by the Department of Health and Hospitals ("DHH").  Plaintiffs allege that a doctor at Innis misdiagnosed Peter's condition, which allegedly resulted in the loss of Peter's right testicle.  Alfreda Williams, Peter's wife, has filed a claim for loss of consortium.[4]

The Government moves to dismiss the claim of Alfreda Williams under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as she has failed to file an

---

[1] Rec. Doc. No. 13.  Although the Innis Community Health Center, Inc. is named as a Defendant in addition to the United States, the United States is the only proper party defendant to this action.
[2] Rec. Doc. No. 17.
[3] 28 U.S.C. § 1346(b)(1) and § 2671, *et seq.*
[4] Rec. Doc. No. 1, ¶¶ 4, 10-11.

28643                                              Page 1 of 5

administrative claim for the damages she seeks as required by the law; thus, it argues the Court lacks subject matter jurisdiction to hear her claim.

## II.    FTCA JURISDICTIONAL PREREQUISITE

The FTCA provides that "an action shall **not** be instituted" unless plaintiff has filed an administrative claim and either obtained a written denial or waited six months.[5] In *McNeil v. United States,*[6] the Supreme Court held that failure to completely exhaust administrative remedies prior to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed.  Following *McNeil*, the Fifth Circuit has reaffirmed that exhaustion of administrative remedies is jurisdictional when the United States is a defendant, and the requirement cannot be waived.[7]  Thus, a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress.[8]

In *Woody v. State Farm Mut. Auto Ins. Co.*,[9] the district court for the Eastern District of Louisiana addressed this very issue.  *Woody* involved an automobile accident between the plaintiffs and a United States naval officer in the course and scope of her

---

[5] *Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995) (emphasis added) (quoting 28 U.S.C. § 2675(a)). Specifically, § 2675(a) provides:  "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

[6] 508 U.S. 106, 112, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

[7] *Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981)).

[8] *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir.2001) (citations omitted).

[9] 2009 WL 2447915 (E.D. La. Aug. 5, 2009).

duties at the time of the accident.  Shannon Woody was a passenger in the car driven by her spouse Joseph Woody.[10]   Shannon alluded to a loss of consortium claim on behalf of Joseph who did not file his own administrative claim.[11]   Finding that it lacked jurisdiction over Joseph's claim, the *Woody* court explained:

> Two district judges of this Court have previously addressed the situation where a spouse attempts to append an unexhausted consortium claim to a spouse's exhausted injury claim. *Fuller v. U.S.*, No. 00–2791, 2001 WL 6725 (E.D. La. Jan. 2, 2001) (Vance, C.J .); *Kirklin v. U.S.*, No. 00–3043, 2001 WL 1334991 (E.D.La. Oct.29, 2001) (Fallon, J).  Judges Vance and Fallon both concluded that the derivative nature of a consortium claim does not excuse a spouse from exhausting his own claim.  In both cases, the spouses' unexhausted consortium claims were dismissed without prejudice without regard to whether the claimant could timely file an administrative claim under federal law. *Fuller*, 2001 WL 6725, at *2; *Kirklin,* 2001 WL 1334991, at *02.  Although the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very narrow construction. *Fuller*, 2001 WL 6725, at *2.[12]

In 2012, the district court for the Southern District of Texas was faced with this question in *Garcia v. United States.*[13]  In *Garcia*, the plaintiff's wife sought to recover damages for loss consortium based on her husband's alleged injuries caused by the United States Department of Homeland Security and Immigration and Customs

---

[10] *Id.*

[11] *Id.*

[12] *Id.*; *see also Dennis v. McDonald*, 2012 WL 547050 (W.D. La. Feb. 16, 2012)(holding that neither party had exhausted administrative remedies which deprived the court of jurisdiction)(citing 28 U.S.C. § 2675(a); *Dolan v. U.S. Postal Service,* 546 U.S. 481 (2006) (spouse's loss of consortium claims were conceded to be barred for failure to exhaust administrative remedies as required by the FTCA);  *NcNeil v. U.S.*, 508 U.S. 106 (1993) (jurisdictional prerequisite not met where plaintiff received final agency determination on tort claim after filing suit, but before any substantial progress had been made in the litigation)).

[13] 2012 WL 3150093 (S.D. Tex. July 31, 2012).

Enforcement.[14]  Mrs. Garcia had failed to present her claim in writing to the appropriate federal agency in the proscribed time period as required by the law.[15]  Citing to Section 2675 of the FTCA, the court stated:  "Section 2675's administrative presentment and exhaustion requirements are satisfied 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.[16]  Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim.'"[17]

The *Garcia* court continued:  "Mr. Garcia's administrative claim gave the agency no indication that his wife was also asserting a claim or that he was requesting damages for loss of consortium and household services on behalf of his spouse.  In order for a spouse seeking damages for loss of consortium and household services to preserve her right to seek relief in federal court, she must join in her husband's administrative claim or file a separate administrative claim on her own behalf."[18]  Finding that Mrs. Garcia failed to comply with the administrative requirements of the FTCA, the court dismissed her claims for lack of subject matter jurisdiction.[19]

This Court finds itself in no different position with respect to the unexhausted claim of Alfreda Williams.  In their two-page *Opposition*[20], without citing to any supporting law or jurisprudence, Plaintiffs make the bold statement that, "[a]s a

---

[14] *Id.*
[15] *Id.*
[16] *Id.*, quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).
[17] *Id.*, quoting *Adams*, 615 F.2d at 290.
[18] *Id.*, citing *e.g.*, *Johnson v. United States*, 496 F.Supp. 597 (D.Mont. 1980); *Stephan v. United States*, 490 F.Supp. 323 (W.D.Mich.1980); *Stewart v. United States,* 458 F.Supp. 871 (S.D.Ohio 1978).
[19] *Id.* at *2.
[20] Rec. Doc. 17.

derivative claim, Alfreda Williams' claim simply piggybacks the claim of her husband, Peter Williams.  A separate administrative claim and cause of action should not be necessary."[21]  This statement flies in the face of the cited statute and jurisprudence quoted by the Government and set forth above.  Plaintiffs fail to cite a single case in support of their "piggyback" theory, and the Court did not locate any sister court decisions that treated this issue any differently than those discussed herein.

## III.   CONCLUSION

For the reasons set forth above, the Government's *Motion to Dismiss*[22] is GRANTED and Plaintiff, Alfreda Williams', claim is dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on <u>September 15, 2015</u>.

_Shelly D. Dick_

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. No. 17, p. 2.
[22] Rec. Doc. No. 13.
28643